IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

BERNARD JOHNSON, )
# 216638, )
 )
    Petitioner, )
 )
v )  Civil Action No. 1:09cv1149-TMH
 )            (WO)
J.C. GILES, *et al.*, )
 )
    Respondents. )

**O R D E R**

This case is before the court on a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254 filed by state inmate Bernard Johnson ("Johnson") on December 17, 2009.[1] (Doc. No. 1.) By his petition, Johnson challenges his convictions for first-degree sodomy, attempted rape in the first degree, and third-degree assault and the resulting sentence entered against him in 2001 by the Circuit Court for Dale County, Alabama.

The respondents have filed an answer (Doc. No. 8) in which they argue that there is no merit to a claim of "actual innocence" asserted by Johnson in his habeas petition and that Johnson's petition is barred by the one-year limitation period applicable to 28 U.S.C. § 2254

---

[1]Although the habeas petition was date-stamped "received" in this court on December 21, 2009, it was signed by Johnson on December 17, 2009. Under the "mailbox rule," a *pro se* inmate's petition is deemed filed the date it is delivered to prison officials for mailing, presumptively the date it is signed by the petitioner. *Houston v. Lack,* 487 U.S. 266, 271-72 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999).

petitions. *See* 28 U.S.C. § 2244(d)(1).² With regard to application of the time-bar, the respondents contend that because the convictions Johnson challenges became final in May 2002 – after the effective date of the statute of limitations – Johnson must have filed his petition within one year of the convictions' becoming final, exclusive of the time that any properly filed state post-conviction petition related to the convictions was pending in the state

---

²Subsection (d) was added by the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"). This Act became effective on April 24, 1996. The limitation period codified at 28 U.S.C. § 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

courts. The respondents acknowledge that, after he was convicted, Johnson filed several post-conviction petition pursuant to Rule 32, *Alabama Rules of Criminal Procedure*. However, the respondents maintain that even allowing any applicable tolling of the federal limitation period during the pendency of state proceedings on the Rule 32 petitions, the limitation period expired prior to Johnson's filing of the instant habeas petition. *See Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000); *also Tinker v. Moore*, 255 F.3d 1331, 1333 1335 n.4 (11th Cir. 2001).

Upon review of the materials filed in this case and the law of this Circuit, it appears that Johnson's § 2254 petition is precluded from review by this court because it was not filed within the time allowed by applicable federal law. Title 28 U.S.C. § 2244(d)(1)(A) provides that the limitation period for filing a 28 U.S.C. § 2254 petition begins to run on the date when the time for seeking direct review of the challenged judgment expired. Exhibits submitted by the respondents reflect that Johnson was convicted, following a jury trial, on March 1, 2001. The trial court imposed Johnson's sentence on April 25, 2001. (*See Respondents' Exh. A*.) Johnson appealed to the Alabama Court of Criminal Appeals, and that court affirmed his convictions and sentence on December 14, 2001. (*Respondents' Exh. B*.) Johnson filed an application for rehearing, which the Court of Criminal Appeals overruled. Johnson then sought certiorari review in the Alabama Supreme Court, which that court denied on February 12, 2002. A certificate of judgment was issued that same day. (*Respondents' Exh. C*.) Johnson did not file a petition for writ of certiorari with the United

3

States Supreme Court. Accordingly, the judgment of conviction became final – and the one-year limitation period for federal habeas corpus review began to run – 90 days after February 12, 2002, i.e., on May 13, 2002. *See Coates v. Byrd*, 211 F.3d 1225, 1226-27 (11th Cir. 2000).

Title 28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." This court finds that the limitation period ran for **172** days after Johnson's conviction became final (on May 13, 2002) until his filing of a *pro se* Rule 32 petition in the Circuit Court of Dale County on November 1, 2002, tolling the federal limitation period.[3] The trial court denied the Rule 32 petition, and on March 19, 2004, the Alabama Court of Criminal Appeals affirmed the trial court's decision. A certificate of judgment was issued on April 7, 2004. (*Respondents' Exhs E & F.*)

---

[3]Although the Rule 32 petition was date-stamped as filed in the Circuit Court of Dale County on November 8, 2002, Johnson represented that he signed the petition and submitted it to prison officials for mailing on November 5, 2002. Under the mailbox rule, a *pro se* inmate's petition is deemed filed in federal cases on the date it is delivered to prison officials for mailing. *See Houston v. Lack*, 487 U.S. 266, 271-72 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993). "Alabama courts have [adopted the mailbox rule and] held that a *pro se* incarcerated petitioner/appellant is considered to have 'filed' a Rule 32 petition, a notice of appeal, or a petition for a writ of certiorari when those documents are given to prison officials for mailing." *Ex parte Allen*, 825 So.2d 271, 272 (Ala. 2002); *Holland v. State*, 621 So.2d 373, 375 (Ala. Crim. App. 1993). Consequently, the prison mailbox rule applies to a *pro se* Rule 32 petition filed in the state courts of Alabama. "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [Johnson's Rule 32 petition] was delivered to prison authorities the day [Johnson] signed the petition. *See Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

Under the circumstances outlined above, the period of limitation for Johnson to seek federal habeas relief began to run again on April 8, 2004 – the first day following completion of the state proceedings on his Rule 32 petition. *See Lawrence v. Florida*, 549 U.S. 327, 337 (2007). At that time, **193** days remained in the federal period of limitation. Johnson did not initiate any new state post-conviction proceedings during this period. **Therefore, the federal limitation period expired on October 18, 2004.**

Johnson filed a second, third, and fourth Rule 32 petition on October 11, 2006; April 20, 2007; and August 7, 2008, respectively. (*Respondents' Exhs. G through J.*) However, the federal limitation period had expired well before any of these state petitions were filed. Thus, the filing of these state petitions had no tolling effect on the federal limitation period, as there was no remaining period to be tolled. "[E]ven 'properly filed' state-court petitions must be 'pending' [during the one-year period of limitation] in order to toll the limitations period. A state court petition ... that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled." *Webster*, 199 F.3d at 1259; *see also Tinker*, 255 F.3d at 1333, 1335 n.4.

As indicated above, the federal limitation period for Johnson to file a § 2254 habeas petition expired on October 18, 2004. However, Johnson filed his habeas petition on December 17, 2009. Under the circumstances of this case, then, it appears that the one-year limitation period contained in 28 U.S.C. § 2244(d)(1) expired well before Johnson filed the instant petition. Accordingly, it is

5

ORDERED that on or before February 25, 2010, Johnson shall show cause why his federal habeas petition should not be denied as it was not filed within the one-year limitation period established by 28 U.S.C. § 2244(d)(1) and for the other reasons asserted by the respondents in their answer.

Done this 4th day of February, 2010.

                                /s/Susan Russ Walker
                                SUSAN RUSS WALKER
                                CHIEF UNITED STATES MAGISTRATE JUDGE