IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| BERNARD JOHNSON, # 216638, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 1:09cv1149-TMH |
| ) | (WO) |
| J.C. GILES, *et al.*, ) | |
| ) | |
| Respondents. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.   BACKGROUND**

Bernard Johnson ("Johnson"), an Alabama inmate, is before this court on a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254 filed on December 17, 2009.[1] Johnson challenges his 2001 convictions in the Circuit Court of Dale County, Alabama, for the offenses of first-degree sodomy, § 13A-6-63, Ala. Code 1975; attempted rape in the first degree, §§ 13A-6-61 and 13A-4-2, Ala. Code 1975; and third-degree assault, § 13A-6-22, Ala. Code 1975.  The trial court sentenced Johnson to concurrent terms of 30 years in prison for first-degree sodomy; 20 years for attempted rape in the first degree; and one year for third-degree assault.

Johnson asserts the following claims in his habeas petition: (1) he was denied

---

[1] Although the habeas petition was date-stamped "received" in this court on December 21, 2009, it was signed by Johnson on December 17, 2009.  Under the "mailbox rule," a *pro se* inmate's petition is deemed filed the date it is delivered to prison officials for mailing, presumptively, the date it is signed by the petitioner. *Houston v. Lack,* 487 U.S. 266, 271-72 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999).

effective assistance of counsel before and during trial; (2) he is actually innocent of the crimes for which he was convicted; (3) he was denied the right to confront his accusers when his attorney failed to cross-examine witnesses who presented medical evidence; (4) juror misconduct occurred with regard to one of the jurors in his case; (5) a witness gave false testimony against him at trial; (6) his *Miranda* rights were violated by law enforcement officers who questioned him; and (7) the prosecutor presented leading questions to – and elicited misleading testimony from – the victim. (*Doc. No. 1 at pp. 5-18.*)[2]

The respondents answer that there is no merit to Johnson's claim of "actual innocence" and that the instant action is time-barred by the one-year limitation period applicable to 28 U.S.C. § 2254 petitions. (*Doc. No. 8 at pp. 3-10.*) *See* 28 U.S.C. § 2244(d)(1)(A).[3] With regard to application of the time bar, the respondents contend that because the convictions Johnson challenges became final in May 2002 – after AEDPA's limitation period was enacted – Johnson was required to file his § 2254 petition within one year of the convictions' becoming final, exclusive of the time that any properly filed state post-conviction petition related to the convictions was pending in the state courts. (*Id. at pp. 4-5.*) The respondents acknowledge that, after he was convicted, Johnson filed several post-conviction petitions pursuant to Rule 32, *Alabama Rules of Criminal Procedure*. (*Id. at pp. 5-6.*) However, the respondents maintain that even allowing any applicable tolling of the

---

[2] Page references are to those assigned by CM/ECF.

[3] Subsection (d) was added by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). This Act became effective on April 24, 1996.

federal limitation period during the pendency of state proceedings on the Rule 32 petitions, the federal limitation period expired prior to Johnson's filing of the instant habeas petition. (*Id.*) *See Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000); *also Tinker v. Moore*, 255 F.3d 1331, 1333 1335 n.4 (11th Cir. 2001).

Based on the respondents' answer and the evidentiary materials filed therewith, this court entered an order advising Johnson that it appeared he had failed to file his petition within the one-year limitation period. (*Doc. No. 10.*) The order gave Johnson an opportunity to show cause why his petition is not barred from review by this court. Johnson filed a response to the court's order on February 22, 2010. (*Doc. No. 11.*) As discussed below, upon review of the pleadings filed in this case, the evidentiary materials, and the applicable law, this court concludes that Johnson's § 2254 petition should be denied and this case dismissed because the petition was not filed within the time allowed by federal law.

## II.  DISCUSSION

### A.  *Actual Innocence as Gateway to Excuse Time Bar*

Johnson asserts that he is actually innocent of the crimes for which he was convicted.[4] (*Doc. No. 1 at p. 7.*) His claim in this regard is two-fold. First, he asserts that he is actually innocent of the charge of third-degree assault, because the indictment did not charge him with that offense but instead charged him with second-degree assault. (*Id.*) Next, he asserts

---

[4] The court must determine whether Johnson has made a showing of actual innocence before addressing the respondents' contention that his claims for federal habeas relief are barred by the statute of limitations. *Wyzykowski v. Department of Corrections*, 226 F.3d 1213, 1218 (11th Cir. 2000).

that he is actually innocent of the charges of first-degree sodomy and attempted rape in the first degree because, he says, the jury did not return a verdict as to those charges but instead only returned a verdict of guilty as to third-degree assault. (*Id.*)

The interests that this court must balance in creating an exception to the statute of limitations based on actual innocence are governed by the standard set forth in *Schlup v. Delo*, 513 U.S. 298, 327-328 (1995). In an effort to "balance the societal interests in finality, comity, and conservation of scarce judicial resources with the individual interest in justice that arises in the extraordinary case," *Schlup*, 513 U.S. at 324, the Court has recognized a miscarriage-of-justice exception to procedural default. "'[I]n appropriate cases,' "the Court has said, "the principles of comity and finality that inform the concepts of cause and prejudice 'must yield to the imperative of correcting a fundamentally unjust incarceration.'" *Murray v. Carrier*, 477 U.S. 478, 495 (1986) (quoting *Engle v. Isaac*, 456 U.S. 107, 135 (1982)). In *Schlup*, the Court adopted a specific rule to implement this general principle. It held that prisoners asserting innocence as a gateway to defaulted claims must establish that, in light of new evidence, "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." 513 U.S. at 327.

"[T]he *Schlup* standard is demanding and permits review only in the 'extraordinary' case." *House v. Bell*, 547 U.S. 518, 538 (2006). Thus, "[i]n the usual case the presumed guilt of a prisoner convicted in state court counsels against federal review of [untimely] claims." *Id*. at 537. "It is important to note in this regard that 'actual innocence' means

4

factual innocence, not mere legal insufficiency. *See Sawyer v. Whitley*, 505 U.S. 333, 339 (1992)." *Bousley v. United States*, 523 U.S. 614, 623-24 (1998); *Doe v. Menefee*, 391 F.3d 147, 162 (2nd Cir. 2004) ("As *Schlup* makes clear, the issue before [a federal district] court is not legal innocence but factual innocence."). As the Supreme Court in *Schlup* observes:

> [A] substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare.... To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial. Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful.

513 U.S. at 324.

Johnson's "actual innocence" claim regarding his conviction for third-degree assault is without merit. Third-degree assault is a lesser-included offense of second-degree assault, and the jury in Johnson's case was instructed as to – and found Johnson guilty of – that lesser-included offense. *See* §§ 13A-6-21 and 13A-6-22, Ala. Code 1975; *Wyatt v. State*, 419 So.2d 277 (Ala.Crim.App. 1982). It "has long been the law that a person indicted for a specific offense can be convicted of a lesser included offense," and, "[t]herefore, the defendant is on notice as to all the elements of the included offense that he must defend against." *Ex parte Washington*, 448 So.2d 404, 407 (Ala. 1984). Because the charge of third-degree assault was "included" in the indictment charging Johnson with second-degree assault, Johnson's argument that he is actually innocent of the offense of third-degree assault for which he was convicted is frivolous.

5

In support of his claim that the jury did not return verdicts as to the charges of first-degree sodomy and attempted rape in the first degree, Johnson submits an affidavit (dated June 15, 2006 – more than five years after Johnson's trial) purportedly from a juror in his case, in which the juror asserts that the jury rendered a verdict only as to third-degree assault and did not render a verdict as to any other charges on which Johnson was tried. (*Doc. No. 1-2 at pp. 2-4.*) However, this juror's statement is belied by ample evidence in the record, including, but not limited to, the case action summaries from Johnson's trial, which plainly reflect that the jury returned guilty verdicts as to first-degree sodomy and attempted rape in the first degree as well as to third-degree assault. (*Doc. No. 8-1, Exh. A, at pp. 1, 7, 13.*) The record also contains pleadings from proceedings on one of several Rule 32 petitions Johnson filed in state court in attempts to overturn his convictions. (*Doc. No. 1-2 at pp. 46-60.*) Those pleadings reflect that the State produced copies of jury verdict forms establishing that the jury found Johnson guilty of first-degree sodomy, attempted rape in the first degree, and third-degree assault. (*Id. at 55-57.*) These documents were signed by the jury foreman. (*Id.*) Moreover, according to the transcript of Johnson's trial, after the trial court announced the jury's verdicts – guilty of first-degree sodomy, attempted rape in the first degree, and third-degree assault – Johnson requested that the jury be polled, whereupon the trial court asked each juror if these were his or her verdicts, and each juror answered in the affirmative. (*Id. at 57.*) Tellingly, the same juror from whom Johnson purports to have obtained the affidavit submitted with his habeas petition stated, "those are my verdicts." (*Id.*)

Johnson's assertions and the matters set forth in the juror's affidavit do not constitute "new reliable evidence" of Johnson's actual innocence sufficient to satisfy his burden under the *Schlup* standard. Indeed, this court questions whether an affidavit by which a juror seeks to impeach her own or the jury's verdict – a generally disfavored tactic – could ever meet *Schlup*'s requirement that *factual* – as opposed to legal – innocence be demonstrated when one asserts his "actual innocence." In any event, Johnson has not presented evidence sufficient to proceed on his allegation that the jury did not return verdicts finding him guilty of first-degree sodomy and attempted rape in the first degree. His claim in this regard is flatly contradicted by the record. Because Johnson falls far short of the showing necessary to fit within the exception to procedural default under *Schlup*, his petition for habeas corpus relief is properly analyzed under 28 U.S.C. § 2244(d)(1).

## B.    *One-year Limitation Period*

The Antiterrorism and Effective Death Penalty Act of 1996 was signed into law on April 24, 1996, and amended the habeas corpus statute to include a one-year limitation period on petitions filed pursuant to 28 U.S.C. § 2254. This limitation period is codified at 28 U.S.C. § 2244(d) and provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an

>application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The record reflects that Johnson was convicted, following a jury trial, on March 1, 2001. The trial court imposed Johnson's sentence on April 25, 2001. (*Doc. No. 8, Exh. A*.) Johnson appealed to the Alabama Court of Criminal Appeals, and that court affirmed his convictions and sentence on December 14, 2001. (*Doc. No. 8 , Exh. B*.) Johnson filed an application for rehearing, which the Court of Criminal Appeals overruled. Johnson then sought certiorari review in the Alabama Supreme Court, which that court denied on February 12, 2002. A certificate of judgment was issued that same day. (*Doc. No. 8 , Exh. C*.) Johnson did not file a petition for writ of certiorari with the United States Supreme Court. Accordingly, the judgment of conviction became final – and the one-year limitation period for federal habeas corpus review began to run – 90 days after February 12, 2002, i.e., on May 13, 2002. *See Coates v. Byrd*, 211 F.3d 1225, 1226-27 (11th Cir. 2000).

Title 28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." This court finds that the limitation period first ran for **172** days after Johnson's conviction became final (on May 13, 2002) until his filing of a *pro se* Rule 32 petition in the Circuit Court of Dale County on November 1, 2002, which tolled the federal limitation period.[5] The trial court denied the Rule 32 petition, and on March 19, 2004, the Alabama Court of Criminal Appeals affirmed the trial court's decision. A certificate of judgment was issued on April 7, 2004. (*Doc. No. 8, Exhs E and F.*)

Under the circumstances outlined above, the period of limitation for Johnson to seek federal habeas relief began to run again on April 8, 2004 – the first day following completion of the state proceedings on his Rule 32 petition. *See Lawrence v. Florida*, 549 U.S. 327, 337 (2007). At that time, **193** days remained in the federal period of limitation. Johnson did not

---

[5] Although the Rule 32 petition was date-stamped as filed in the Circuit Court of Dale County on November 8, 2002, Johnson represented that he signed the petition and submitted it to prison officials for mailing on November 5, 2002. Under the mailbox rule, a *pro se* inmate's petition is deemed filed in federal cases on the date it is delivered to prison officials for mailing. *See Houston v. Lack*, 487 U.S. 266, 271-72 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993). "Alabama courts have [adopted the mailbox rule and] held that a *pro se* incarcerated petitioner/appellant is considered to have 'filed' a Rule 32 petition, a notice of appeal, or a petition for a writ of certiorari when those documents are given to prison officials for mailing." *Ex parte Allen*, 825 So.2d 271, 272 (Ala. 2002); *Holland v. State*, 621 So.2d 373, 375 (Ala. Crim. App. 1993). Consequently, the prison mailbox rule applies to a *pro se* Rule 32 petition filed in the state courts of Alabama. "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [Johnson's Rule 32 petition] was delivered to prison authorities the day [Johnson] signed the petition. *See Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

initiate any new state post-conviction proceedings during that 193-day period. Therefore, the federal limitation period expired on October 18, 2004.

Johnson filed second, third, and fourth Rule 32 petitions on October 11, 2006; April 20, 2007; and August 7, 2008, respectively. (*Doc. No. 8, Exhs. G through J.*) However, the federal limitation period had expired well before any of these state petitions were filed. Thus, the filing of these petitions had no tolling effect on the federal limitation period, as there was no remaining period to be tolled. "[E]ven 'properly filed' state-court petitions must be 'pending' [during the one-year period of limitation] in order to toll the limitations period. A state court petition ... that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled." *Webster*, 199 F.3d at 1259; *see also Tinker*, 255 F.3d at 1333, 1335 n.4.

As indicated above, the federal limitation period for Johnson to file a § 2254 habeas petition expired on October 18, 2004. However, Johnson filed his habeas petition on December 17, 2009. Under the circumstances of this case, then, it appears that the one-year limitation period contained in 28 U.S.C. § 2244(d)(1) expired well before Johnson filed the instant petition.

## C.     *Statutory Tolling Provisions of § 2244(d)(1) (B) - (D)*

Any efforts by Johnson to seek harbor in the statutory tolling provisions of 28 U.S.C. § 2244(d)(1)(B)-(D) are unavailing in this case. There is no evidence that any unconstitutional or illegal State action impeded Johnson from filing a timely § 2254 petition. *See* § 2244(d)(1)(B). Johnson's claims also do not rest on an alleged "right [that] has been

10

newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." *See* § 2244(d)(1)(C). Finally, Johnson does not submit any grounds for relief for which the factual predicate could not have been discovered at a far earlier time "through the exercise of due diligence." *See* § 2244(d)(1)(D). Although Johnson asserts that he exercised due diligence in obtaining the affidavit in which the juror purports that the jury rendered a verdict only as to third-degree assault (*Doc. No. 11 at pp. 2-4*), he does not assert when or how he learned of the matters allegedly underlying this juror's assertions or suggest (much less demonstrate) how a reasonable investigation would not have uncovered the "fact" that the jury did not render verdicts finding him guilty of first-degree sodomy and attempted rape in the first degree. Indeed, the facts underlying such a claim would have been available almost immediately after the jury had concluded its deliberations (on March 1, 2001).[6] Due diligence means the petitioner "must show some good reason why he or she was unable to discover the facts" at an earlier date. *In re Boshears*, 110 F.3d 1538, 1540 (11th Cir. 1997). Merely alleging that a petitioner "did not actually know the facts underlying his or her claim does not pass the test" *id.*, and Johnson's conclusory assertion of due diligence does not pass the test. Therefore, § 2244(d)(1)(D) does not apply to his petition.

D.   ***Equitable Tolling of Limitation Period***

The limitation period may be equitably tolled on grounds apart from those specified

---

[6]Again, this court emphasizes that the record does not support and, indeed, flatly contradicts Johnson's claim that the jury did not return guilty verdicts as to the charges of first-degree sodomy and attempted rape in the first degree.

11

in2 8 U.S.C. § 2244(d) "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (1999); *see also Wade v. Battle*, 379 F.3d 1254, 1264-65 (11th Cir. 2004); *Drew v. Department of Corrections,* 297 F.3d 1278, 1286 (11th Cir. 2002); *Helton v. Sec'y for Dep't of Corr.,* 259 F.3d 1310, 1312 (11th Cir. 2001). An inmate bears the difficult burden of showing specific facts to support his claim of extraordinary circumstances and due diligence. *See Akins v. United States*, 204 F.3d 1086, 1089-90 (11th Cir. 2000).

This court entered an order allowing Johnson an opportunity to show cause why his petition should not be time-barred from review by this court. (*Doc. No. 10.*) While Johnson did file a response to the court's order (*Doc. No. 11*), his response does not contain an argument asserting any credible basis for either equitable or statutory tolling of the limitation period in his case. As indicated above, Johnson fails to show he acted with due dilgence in asserting his claims. Because Johnson has shown no basis for tolling, statutory or equitable, his federal habeas petition is time-barred.

### III.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The petition for habeas corpus relief be denied as it was not filed within the one-year period of limitation of 28 U.S.C. § 2244(d)(1)(A).

2. This case be dismissed with prejudice.

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before September 28, 2011. A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE, this 14th day of September, 2011.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE